# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

MARVIN SPENCER,

        Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

        Defendant.

CASE NO. C16-5885 BHS

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motion for partial summary judgment re: extra-contractual claims (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 9, 2016, Plaintiff Marvin Spencer ("Spencer") filed a complaint against State Farm in Pierce County Superior Court for the State of Washington. Dkt. 1-1. Spencer asserts claims for breach of contract and violations of the Washington Insurance Fair Conduct Act ("IFCA"), RCW Chapter 40.30. *Id.*, ¶¶ 4.1–5.3.

On October 18, 2016, State Farm removed the matter to this Court. Dkt. 1.

On August 30, 2017, State Farm filed a motion for partial summary judgment. Dkt. 11. On September 18, 2017, Spencer responded. Dkt. 14. On September 22, 2017, State Farm replied. Dkt. 17.

## II. FACTUAL BACKGROUND

On September 27, 2013, Kunthea Oul ran a stop sign and crashed into Spencer's vehicle. Dkt. 13, Declaration of Scott Wakefield, Exh. A at 2. In October 2015 Spencer settled his claim with Ms. Oul for her policy limit of $50,000. *Id*., ¶ 2. Spencer then asserted an underinsured motorist claim with his insurance company State Farm. On October 16, 2015, State Farm paid Spencer $25,000 as the policy limit for a personal injury protection ("PIP") claim. *Id*., Exh. D. State Farm, however, requested that Spencer hold the money in trust subject to "appropriate offsets or setoffs." Dkt. 15, Declaration of Amanda M. Searle ("Searle Decl."), Exh. 5.

On November 2, 2015, Spencer, via letter from his attorney, demanded State Farm tender the $100,000 underinsured motorist policy limit. *Id*., Exh. G. In response, State Farm requested that Spencer undergo an independent medical evaluation ("IME"). After some delay, the evaluation was scheduled for February 10, 2016. Dkt. 12, Declaration of Jayne Kreifel ("Kreifel Decl."), Exh. A. In late January or early February, Spencer cancelled the IME.[1] Spencer asserts that he cancelled the IME because State Farm had

---

[1] Spencer claims his counsel cancelled the IME on January 26, 2016 via phone message. Dkt. 14 at 6. State Farm has submitted a letter from Spencer's counsel dated February 7, 2016, but referencing a phone message of February 2, 2016. Keifel Decl., Exh. 2.

failed to deliver a copy of his policy so that he could confirm IME requirement. Dkt. 14 at 6.

On February 4, 2016, State Farm emailed a copy of Spencer's policy to Spencer's counsel. Searle Decl., Exh. 7.

On February 23, 2016, State Farm agreed to waive its PIP subrogation rights to $3,967.44 and pay for some other fees. *Id*., Exh. 6.

On April 22, 2016, Spencer filed an IFCA notice with the Washington Insurance Commissioner. Dkt. 14 at 6.

On August 15, 2017, Spencer underwent an IME with Dr. Hal Rappaport. Kreifel Decl., Exh. 5. At issue was whether Spencer's ulnar nerve transposition surgery was related to the motor vehicle collision. *Id*. at 3. Dr. Rappaport ultimately concluded that treatment for his ulnar nerve was not reasonable under the claim. *Id*. at 22.

### III. DISCUSSION

As a threshold matter, some confusions exists regarding the actual claims in Spencer's complaint. State Farm moves for summary judgment on "all of [Spencer's] extra-contractual claims (for insurance bad faith and IFCA violations)" and argues that the only claim that should remain for trial is Spencer's breach of contract claim. Dkt. 11 at 13. Spencer asserts that he "alleges two causes of action against State Farm, which relate to State Farm's failure to uphold its extra-contractual obligations to its insureds: violation of the Insurance Fair Conduct Act (IFCA), and the tort of common law insurance bad faith." Dkt. 14 at 8. Neither of these positions track the complaint wherein Spencer asserts only a claim for violations of IFCA and a claim for breach of contract.

ORDER - 3

Dkt. 1-1, ¶¶ 4.1–5.3. The only reference to bad faith is as follows: "Rather than agreeing to arbitration, State Farm has instead required the plaintiff to bring a lawsuit in Superior Court, an action which plaintiff alleges constitutes bad faith on the part of State Farm." *Id*. ¶ 3.2. Thus, a fair and reasonable reading of the complaint states that Spencer's bad faith tort claim, if one exists at all, is based solely on the allegation that State Farm refused to enter into arbitration. Neither party briefed this issue, and the Court declines to *sua sponte* consider the issue. Similarly, the Court declines to issue an advisory opinion on any other potential bad faith claim. Therefore, to the extent the Court addresses any claim, the Court will only consider Spencer's IFCA claim.

A. **Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.    IFCA**

IFCA allows an insured who is "unreasonably denied a claim for coverage or payment of benefits by an insurer [to] bring an action in the superior court of this state to recover the actual damages sustained." Wash. Rev. Code § 48.30.015. In *Perez–Crisantos v. State Farm Fire and Casualty Co.*, 187 Wn.2d 669 (2017), the Washington Supreme Court considered whether an insured can sue his insurance company under IFCA for Washington regulatory violations. The court held that insureds have no private cause of action under IFCA against insurers for violating the Washington Administrative

Code ("WAC"). *Id*. at 680–83. "The insured must show that the insurer unreasonably denied a claim for coverage or that the insurer unreasonably denied payment of benefits. If either or both acts are established, a claim exists under IFCA." *Id*. at 683 (citing *Ainsworth v. Progressive Cas. Ins. Co.*, 180 Wn. App. 52, 79 (2014)).

In this case, the majority of Spencer's response is devoted to purported violations of the WAC. *See* Dkt. 14 at 9. Because Spencer does not have a private cause of action for violations of the WAC, the majority of his arguments are without merit. *Perez–Crisantos*, 187 Wn.2d at 680–83. To the extent that Spencer argues that he was unreasonably denied payment of benefits, he fails to meet his burden. Disparity in claim value does not establish a claim for unreasonable denial of benefits. *Id*. at 684. "There has to be something more." *Id*. (citing *Am. Mfrs. Mut. Ins. Co. v. Osborn*, 104 Wn. App. 686, 701 (2001)). At most the evidence shows a disparity in claim value without the something more.

In support of his claim, Spencer argues that "this case goes beyond a mere dispute over the value of a personal injury claim." Dkt. 14 at 16. Spencer contends that State Farm's failure to fully waive its PIP subrogation rights is the "something more" that pushes these circumstances beyond a mere claim dispute. Spencer's argument is without merit. It is not unreasonable for an insurer to reserve its rights to subrogation pending further investigation of a claim. This is especially so when significant medical issues are still in dispute. Moreover, even if Spencer is correct, then an insured would have an IFCA claim against an insurer every time an insurer pays a claim subject to setoffs or offset. Such a rule lacks authority and is otherwise illogical. Thus, the Court concludes

that Spencer has failed to show any circumstances beyond a mere claim value dispute and grants State Farm's motion for partial summary judgment.

**C.   Continuance**

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer consideration of the motion." Fed. R. Civ. P. 56(d)(1).

If the Court is inclined to grant State Farm's motion, Spencer requests a "56(f) continuance" so that he may conduct additional discovery on State Farm's handling of his claim. Dkt. 17 at 7.[2] Spencer, however, fails to submit an affidavit or declaration in support of this request. Therefore, the Court denies Spencer's request for deferring consideration of the motion.

## IV.   ORDER

Therefore, it is hereby **ORDERED** that State Farm's motion for partial summary judgment re: extra-contractual claims (Dkt. 11) is **GRANTED**.

Dated this 16th day of October, 2017.

BENJAMIN H. SETTLE
United States District Judge

---

[2] The Court assumes Spencer meant a 56(e) deferral of consideration of the motion because 56(f) governs judgment independent of the motion.